# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LUPE I. RODRIGUEZ,
          Appellant,

v.

OFFICE OF PERSONNEL
  MANAGEMENT,
          Agency.

DOCKET NUMBER
PH-0845-17-0402-I-1

DATE: June 28, 2023

# THIS ORDER IS NONPRECEDENTIAL[*]

Lupe I. Rodriguez, Stratford, Connecticut, pro se.

Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the New York Field Office for further adjudication in accordance with this Remand Order.

¶2        The appellant appealed a purported determination by the Office of Personnel Management (OPM) that she was not entitled to a waiver of an overpayment due to financial hardship.  Initial Appeal File (IAF), Tab 1.  The administrative judge ordered the appellant to file evidence and argument establishing jurisdiction and informed her that she should provide OPM's final decision on the matter, if she had it.  IAF, Tab 3.  The appellant failed to provide such a final decision, and OPM asserted that it was unable to locate any records concerning the appellant.  IAF, Tabs 5-7.  Because the appellant failed to establish that OPM had issued a final decision, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 8, Initial Decision.

¶3        On review, the appellant asserts that she is entitled to a waiver because of medical and financial hardship.  Petition for Review (PFR) File, Tab 1.  She attaches proof of various communications she had with OPM and evidence pertaining to her medical conditions.  *Id.*  In its response, OPM asserts that it has located the appellant's retirement file and determined that it issued her a final decision.  PFR File, Tab 5.  OPM states that it would not object to the Board vacating the initial decision and remanding the appeal for a decision on the merits.  *Id.*  OPM has not submitted its final decision into the record; however, based on OPM's representations, we find it appropriate to vacate the initial decision and remand the case for further adjudication.  We make no findings at this time on the merits of the appellant's arguments.

## **ORDER**

¶4        For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for
_____
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.